J-A07026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH ALAN HOFFA | : | |
| | : | |
| Appellant | : | No. 703 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 4, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001420-2018

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 21, 2021**

Appellant Keith Alan Hoffa appeals from the Judgment of Sentence of 63 to 126 years' incarceration imposed after the court found him guilty of multiple sex abuse offenses involving five children.  Appellant purports to challenge the sufficiency of the evidence supporting each of the convictions, and the exercise of the court's discretion in ordering consecutive rather than concurrent sentences.  After careful review, we affirm.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant also filed two "Applications for Relief," one seeking new counsel based on claims of ineffective assistance of counsel, and the other seeking an injunction and requesting a federal investigation based on an alleged conspiracy between law enforcement officials, the prosecution, and prison officials to bar him from obtaining assistance from family, friends, and his own witnesses.  *See* Applications for Relief, filed July 26, 2021, and August 5, 2021.  We deny both applications without prejudice to seek relief in the trial court through the processes available in the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.

Over the course of many years, Appellant sexually assaulted girls between the ages of 8 and 16. In late 2016, M.C., who was a friend of Appellant's daughter, told her mother that when she stayed over at Appellant's house for sleepovers, Appellant would touch her in the bath, shower, and while getting dressed, in ways that made her feel uncomfortable. Mother reported the molestation to the authorities, and a grand jury investigation ensued.

On June 1, 2018, the Commonwealth indicted Appellant on twenty-four counts of offenses involving at least five girls, some now women, including Rape of a Child, Indecent Assault-Person Less than 13 years of age, Criminal Solicitation-Indecent Assault Person Less than 13 years of age, Indecent Exposure, Dissemination of Obscene Materials to a Minor, Corruption of Minors-Defendant Age 18 or Above, Unlawful Contact with Minor-Sexual Offenses, Unlawful Contact with Minor-Obscene and other Sexual Materials and Performance, Involuntary Deviate Sexual Intercourse-Person Less than 16 years of age; of Aggravated Indecent Assault-Person Less than 16 years of age; and Indecent Assault-Person Less than 16 years of age.[2]

Appellant filed a pre-trial Motion for a Taint and Competency Hearing. Soon thereafter, defense counsel filed at Appellant's behest a Motion to Withdraw from representation indicating Appellant wished to represent himself. The court held a hearing on the Motions on November 20, 2019, first

---

[2] 18 Pa.C.S. §§ 3121(c), 3126(a)(7), 902(a), 3127(a), 5903(c)(1), 6301(a)(1)(ii), 6318(a)(1) and (4), 3123(a)(7); 3125(8), and 3126(a)(8).

addressing the Motion to Withdraw. When the court asked Appellant if he wanted to represent himself, he responded "no." N.T. Hearing, 11/20/19, at 4, 6. The court then proceeded with the taint and competency hearing.

On December 9, 2019, a bench trial commenced before the Hon. Deborah E. Curcillo. Over three days, the court heard detailed testimony from eight girls and women who had received unwanted and inappropriate touching and other sexual assaults from Appellant or had observed Appellant as he inappropriately touched other victims, some beginning when they were eight years old. Some of them testified regarding taking baths with Appellant when they were between the ages of 10 and 12 years old and his having touched their breasts and vaginas, sometimes with his mouth. Some spoke of Appellant's taking photographs of them when they were in the bathtub or just out of the tub, encouraging them to skinny dip in his hot tub with him, and having them touch his penis with their hands or their mouths. In addition, they testified regarding Appellant's giving them gifts, wine coolers, and attention, and their relationships with Appellant's daughter and/or his stepson, some of which developed because Appellant was initially friends with or romantically involved with the victims' mothers. One victim testified that Appellant had raped her more than once when she 8 or 9 years old.[3]

---

[3] N.T., 12/10/19, at 248-49.

The Commonwealth also presented testimony from investigating detectives, a forensic investigator who had interviewed M.C., relatives of two victims, and an expert on children's responses to sexual abuse. In addition, the court admitted the tape of two forensic interviews and one video statement from three victims, a handwritten note from Appellant to one of the girls, a thumb drive containing suggestive photos of girls, and a computer printout showing names of websites accessed by Appellant with names suggesting child pornography involving teenaged and younger girls. Appellant and his wife also testified.

Immediately after closing arguments, Judge Curcillo found Appellant guilty of the seventeen offenses set forth above and one obstruction of justice charge.[4] The court ordered a pre-sentence investigation and an evaluation from the Sex Offender Assessment Board ("SOAB"). Appellant's trial counsel filed a Motion to Withdraw her representation, which the court granted. The court then appointed new counsel.

On March 4, 2020, the court held a sentencing hearing. The court noted that it had reviewed the pre-sentence investigation report and the SOAB evaluation designating Appellant a sexually violent predator ("SVP"). After listening to victim impact statements and Appellant, the court stated:

---

[4] The court found him not guilty of four charges; the Commonwealth had withdrawn three charges before trial.

Based on the conviction, as well as the pattern of behavior demonstrated by [Appellant] over many years, determined to find vulnerable families and just prey on young girls relentlessly over two decades using control and ultimately harming these numerous young girls, these victims having experienced and continue to experience anxiety and depression and probably for years to come, his actions have not only affected the victims, but their families and future relationships, we believe the sentence I'm about to give is appropriate.

N.T. Sentencing, 3/4/20, at 8-9.

The court sentenced Appellant to consecutive terms of imprisonment aggregating to a total of 63 to 126 years' incarceration. *Id*.[5] Appellant did not file a Post-Sentence Motion.[6]

Appellant timely appealed.[7] He filed a court-ordered Pa.R.A.P. 1925(b) Statement on July 13, 2020, in which he presented seven issues, five of which

_____

[5] Specifically, the court entered the following terms of incarceration to run consecutive to one another: Rape of a Child, 25-50 years; Indecent Assault on Victim less than 13 years of age, 25-50 years; Criminal Solicitation, 3 years; Indecent Exposure, 2 years; IDSI Person less than 16 years of age, 5 years; 2 counts of Aggravated Indecent Assault-Person less than 16 years of age, 1 to 2 years each; Indecent Assault-Person less than 16 years of age, 1-2 years.

[6] Appellant filed a *pro se* an application for new counsel on April 15, 2020. The trial court treated this as a PCRA Petition and appointed new counsel on May 6, 2020. However, on May 8, 2020, Appellant's post-trial counsel filed a Notice of Appeal. The trial court then rescinded its Order appointing new counsel and its consideration of the PCRA petition and ordered Appellant to file a Pa.R.A.P. 1925(b) Statement.

[7] The Notice of Appeal, filed May 8, 2020, is deemed timely in accordance with the Order issued in *In re: General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. filed May 27, 2020) (due to the COVID-19 pandemic, suspending time calculations and filing deadlines from March 16, 2020,
*(Footnote Continued Next Page)*

asserted insufficient evidence as it related to five of the victims, one challenging his waiver of counsel colloquy, and one challenging the discretionary aspects of his sentence. The trial court filed a Pa.R.A.P. 1925(a) Opinion in which it addressed the counsel waiver colloquy issue raised by Appellant in his Rule 1925(b) Statement but stated it could not address the remaining issues because the record did not contain the trial transcript.

In his Brief, Appellant raised four issues, one of which contended that the trial transcript was part of the record so the court erred in finding the sufficiency issues waived on that basis. After our review, this Court filed a Memorandum Opinion addressing the issue pertaining to the counsel waiver colloquy raised in Appellant's Brief, and, after confirming that the transcript had, indeed, been part of the record, remanded for the trial court to issue a supplemental Rule 1925(a) Opinion, addressing Appellant's sufficiency and sentencing claims. The court filed its Opinion on June 30, 2021. We now address the following two issues raised in Appellant's Brief:[8]

_____

through June 1, 2020). Accordingly, the Commonwealth's assertion that this court lacks jurisdiction due to an untimely-filed Notice of Appeal is incorrect. *See* Appellee's Brief at 4.

[8] Although this Court's remand order provided a schedule for the parties to submit supplemental briefs if they wished to respond to the trial court's new Rule 1925(a) Opinion, after the trial court issued its new Opinion, Appellant's counsel sent a letter to this Court indicating that Appellant did not need to add to the Brief already on file. Letter from Gregory Mills, Esq., to Superior Court Deputy Prothonotary, dated July 8, 2021.

1. Whether the Commonwealth failed to present sufficient evidence for Appellant's: indecent assault, criminal solicitation for indecent assault, indecent exposure, dissemination of obscene material to a minor, corruption of minors, and unlawful contact with a minor convictions against M.C.; rape of a child, indecent assault of a child under thirteen, indecent exposure, and corruption of minors against M.S. involuntary deviate sexual intercourse convictions against C.H.; involuntary deviate sexual intercourse and aggravated assault convictions against C.R.; and aggravated indecent assault, indecent assault, and corruption of minors convictions against T.H.?

2. Whether the trial court imposed an excessive and unreasonable sentence?

Appellant's Brief at 15 (renumbered).

Appellant's first issue challenges the sufficiency of the evidence supporting all eighteen of his convictions. *Id*. at 37. Although he cites boilerplate case law setting forth this Court's standard of review, he does not specify which of his eighteen convictions is not supported by the evidence. Rather, he asserts that "the victims fabricated all allegations against him" and extensively reiterates the testimony presented by the victims and others before concluding that he "respectfully submits that the Commonwealth presented sufficient [sic] evidence to substantiate the victims' allegations." *Id*. at 38. For the following reasons, this issue is waived.

When an appellant files a court-ordered Pa.R.A.P. 1925(b) Statement, the Rule 1925(b) statement must specify which convictions and the element or elements of those crimes for which the evidence was allegedly insufficient. *Commonwealth v. Carr*, 227 A.3d 11, 18 (Pa. Super. 2020). Where the appellant fails to specify in his Rule 1925(b) Statement the elements of the

crimes allegedly not proven by the Commonwealth, the sufficiency claim is waived. ***Commonwealth v. Williams***, 959 A.2d 1252, 1257-58 (Pa. Super. 2008).

Here, Appellant's Rule 1925(b) Statement, like his Brief, generally avers that the evidence supporting the convictions was insufficient. ***See*** Appellant's Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), filed 7/13/2020, at ¶¶ 1-5. Although Appellant included the names of the crimes that individual victims suffered, he does not specify which element of which of the eighteen crimes was not supported by sufficient evidence. Accordingly, he has waived his sufficiency challenge.[9]

**Discretionary Aspects of Sentence**

Appellant next asserts that the court abused its discretion in ordering two of his sentences to run consecutively rather than concurrently. Appellant's Br. at 34. He contends that because the mandatory minimum sentences imposed for Indecent Assault of a Child and Rape of a Child were twenty-five years each, the aggregate consecutive sentence "was clearly

_____

[9] Further, Appellant's sole argument to support his sufficiency claim is that the victims worked together to fabricate the allegations. ***See*** Brief at 37-45. This averment challenges the credibility of the victims and the weight the trial court sitting as fact-finder gave their testimony and the testimony of the other witnesses. ***See Commonwealth v. Lopez***, 57 A.3d 74, 80 (Pa. Super. 2012) (stating that a challenge to the credibility of a witness is a challenge to the weight of the evidence). A weight claim must be raised before the trial court in a post-sentence motion. Pa.R.Crim.P. 607. The failure to do so results in waiver. ***Lopez***, 57 A.3d at 80. Here, Appellant did not file a Post-Sentence Motion, so his challenge to the weight of the evidence is waived.

unreasonable considering the nature of the crimes and the length of imprisonment." *Id*.

Appellant's argument presents a challenge to the discretionary aspects of sentence for which there is no automatic right of appeal. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010). Accordingly, an appellant must invoke this Court's jurisdiction to consider this challenge. *Id*. To do so, an appellant must (1) file a timely notice of appeal, Pa.R.A.P. 902, 903; (2) properly preserve the issue at sentencing or in a post-sentence motion, Pa.R.Crim.P. 720; (3) provide a statement within his Brief pursuant to Pa.R.A.P. 2119(f); and (4) present "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." ***Id.*** (citation omitted). ***See also Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." (citation omitted)).

Here, Appellant filed a timely Notice of Appeal. However, he failed to preserve his challenge at sentencing or in a post-sentence motion. Accordingly, he has failed to invoke this Court's jurisdiction and we are unable to review his challenge to the discretionary aspects of his sentence.

Having found Appellant's sufficiency challenge waived and his discretionary aspects challenge not properly preserved, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Applications for Relief, filed July 26, 2021, and August 5, 2021, denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2021